UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
26-mj-134 (DTS)

STATE OF MINNESOTA    )
                      )    ss.  Richard Berger
COUNTY OF HENNEPIN    )

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Richard Berger, being duly sworn, do hereby state as follows:

## INTRODUCTION

1.    I am a Special Agent with the U.S. Homeland Security Investigations, Department of Homeland Security (HSI) and have been so employed since September 2009. I am a graduate of the Federal Law Enforcement Training Center, which consisted of the Criminal Investigator Training Program, and U.S. Immigration and Customs Enforcement Special Agent Training.

2.    Prior to working with HSI, I was employed as a U.S. Customs and Border Protection Officer for approximately four years. During my career, I have conducted and participated in multiple investigations involving the unlawful importation and the distribution of controlled substances, the assault and hinderance of federal officers while engaged in the performance of their official duties, fraud and identity theft violations, export violations, financial crimes, illegal alien smuggling and human trafficking violations,

1

child pornography, and various immigration violations. During these investigations, I have conducted physical surveillance, executed arrest and search warrants, reviewed tape-recorded conversations, and personally interviewed numerous sources of information as well as confidential sources.

3.    This affidavit is submitted for the limited purpose of establishing probable cause in support of issuing a complaint and arrest warrant for William Charles LAFROMBOISE for assaulting a federal officer in violation of Title 18, United States Code, Section 111(a) and (b).[1]

4.    This affidavit is based on my personal knowledge, as well as information I have learned from other law enforcement officers and the review of reports, written materials, and recordings. This affidavit does not include all of the details I have learned regarding this investigation. Rather, it only includes information believed to be sufficient to establish probable cause.[2]

---

[1] "[A]ssaulting a federal employee is a general-intent crime." *United States v. Gustus*, 926 F.3d 1037, 1040 (8th Cir. 2019).

[2] "[P]robable cause may be based on the collective knowledge of all law enforcement officers involved in an investigation and need not be based solely upon the information within the knowledge of the officer on the scene if there is some degree of communication" between officers. *United States v. Horne*, 4 F.3d 579, 585 (8th Cir. 1993); *see also United States v. Spratt*, 141 F.4th 931, 936 (8th Cir. 2025) (same). In such cases, whether the affiant's knowledge is "first-hand" is "irrelevant" to the probable-cause analysis. *Horne*, 4 F.3d at 585; *see also United States v. Dan Thanh Nguyen*, No. 06-cr-192, 2006 WL 3486993, at *6-8 (D. Minn. Dec. 4, 2006) ("[T]he information in an Affidavit need not be based on the personal knowledge of the affiant."), *aff'd sub nom.*, *United States v. Nguyen*, 526 F.3d 1129 (8th Cir. 2008).

## RELEVANT STATUTES

5.    18 U.S.C. § 111(a)(1) makes it a criminal offense to forcibly assault, resist, oppose, impede, or interfere with any person designated in 18 U.S.C. § 1114 while engaged in or on account of the performance of official duties. Persons designated in § 1114 include any officer or employee of the United States or of any agency in any branch of the United States government while such officer or employee is engaged in or on account of the performance of official duties.

6.    18 U.S.C. § 111(b) provides an enhanced penalty where a person uses a dangerous weapon during the commission of an act in 18 U.S.C. § 111(a).

## PROBABLE CAUSE

7.    On January 24, 2026, Customs and Border Protection Officers ("CBPO" or "CBPOs") responded to a call for assistance in the area of 26th Street and Nicollet Avenue in Minneapolis, Minnesota, after an officer-involved shooting.

8.    Officers from multiple law enforcement agencies, including CBPOs, established a perimeter around the shooting scene where a large crowd began to gather. While there, CBPOs were wearing body armor, police markings, and standard equipment, and were clearly identifiable as law enforcement.

3

9. While law enforcement was maintaining the perimeter, an object was launched into the perimeter from an unknown individual outside of the perimeter.

10. As a result of the object entering the perimeter, law enforcement deployed canisters of 2-chlorobenzylidene malononitrile gas (also known as "tear gas") towards the large crowd that had gathered.

11. A few minutes later, a CBPO ("CPBO 1") was standing in the street when he observed an individual later identified as William Charles LAFROMBOISE, throw a burning canister of tear gas towards CBPO 1 and other law enforcement officers who were standing in the street near CBPO 1. The canister passed over and to the right of CBPO 1 and landed on the street several feet from at least six law enforcement officers.

12. CBPO 1 began running towards LAFROMBOISE, who looked in CBPO 1's direction, turned his back towards CBPO 1, and then attempted to run away from CBPO 1.

13. After a short foot chase, CBPO 1 was able to catch up to LAFROMBOISE and arrest him with the assistance of another CBPO.

14. When LAFROMBOISE was arrested, he was wearing a respirator device and goggles.

15. Investigators reviewed body worn camera (BWC) video footage from CBPO 1, which captured LAFROMBOISE throwing a tear gas cannister

4

at law enforcement. The video also captured LAFROMBOISE fleeing from CBPO 1 and LAFROMBOISE's arrest.

## CONCLUSION

16.     Based on the above facts, there is probable cause to believe that on January 24, 2026, the Defendant, William Charles LAFROMBOISE, violated Title 18, United States Code, Section 111(a)(1) and (b)

Richard Berger
Special Agent, HSI


SUBSCRIBED and SWORN before me
by reliable electronic means via FaceTime
and email pursuant to Fed. R. Crim. P. 41(d)(3) on
February 4, 2026

The Honorable David T. Schultz
United States Magistrate Judge